IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:07CR96

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| JOHN SHEDRICK CARSON, JR. | ) | |

**THIS MATTER** is before the Court on Defendant's motion for reconsideration of this Court's denial of his appeal from the Magistrate Judge's Order denying pretrial release, filed November 16, 2007. For the reasons stated herein, Defendant's motion for reconsideration is denied.

## I. STANDARD OF REVIEW

Title 18 U.S.C. § 3145(b), which governs review and appeal of detention orders, provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In acting on such a motion, the Court reviews the Magistrate

Judge's order *de novo*. **United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001).** The Court "must make an independent determination of the proper pretrial detention or conditions of release." *Id.*

Title 18 U.S.C. § 3142 provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. **18 U.S.C. § 3142(e).** The factors that the Court should consider in making this determination are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including —
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g).**

## II. FACTUAL AND PROCEDURAL HISTORY

Defendant was indicted in October 2007 on one count of conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. **Bill of Indictment, filed October 24, 2007, at 1.** He appeared the Magistrate Judge on November 9, 2007, for a detention hearing. At the hearing, the Magistrate Judge orally ordered Defendant's pretrial detention. Defendant filed a one sentence "notice of appeal of denial of pre-trial release" on November 12, 2007. The Magistrate Judge issued his written detention order the next day. **Order of Detention Pending Trial, filed November 13, 2007.** Two days later, the undersigned summarily denied Defendant's November 12 notice of appeal, based on his failure to state any grounds for the relief sought. **Order, filed November 15, 2007, at 1.** Defendant then filed the instant motion, detailing the grounds for his challenge to the Magistrate Judge's detention order and requesting the Court to reconsider its November 15 Order.

## III.  ANALYSIS

As a threshold matter, the Court notes that Defendant is subject to the statutory presumption in favor of detention described in 18 U.S.C. § 3142(e), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if [the Court] finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)[.]

In this case, Defendant's indictment indicates there was probable cause that he violated 21 U.S.C. § 841(a).  Section 841(b)(1)(A) provides that any person who violates § 841(a) in a case involving 50 grams or more of a mixture and substance containing cocaine base "shall be sentenced to a term of imprisonment which may not be less than 10 years, . . . [and] a fine not to exceed . . . $4,000,000[.]"  It is, therefore, presumed in Defendant's case that "no condition or combination of conditions will reasonably assure [Defendant's] appearance as required and the safety of the community."  **18 U.S.C. § 3142(e).**

The Court will next examine whether Defendant can successfully rebut the presumption by analyzing the four factors set forth in 18 U.S.C.§ 3142(g). As to factors (g)(1) and (g)(2), Defendant contends there was little or no direct evidence of his involvement in the charged crime. **Motion for Reconsideration,** *supra***, ¶ 6.** Rather, he argues, "virtually all of the evidence that was been [sic] presented at the initial hearing was hearsay testimony emanating from third parties who themselves were potentially facing serious charges." *Id.*

Contrary to Defendant's assertions, the undersigned believes that the nature and circumstances of the offense, as well as the weight of the evidence, turn in favor of pretrial detention. The evidence showed that Defendant was the subject of a two year investigation by the Drug Enforcement Administration (DEA). The investigation revealed that Defendant, along with several others, was engaged in the practice of crack cocaine distribution throughout Rutherford County. Despite Defendant's contention that there is no direct evidence of his crimes, the DEA investigation's findings were corroborated by records of telephone calls between Defendant and his co-conspirators.

As to factor (g)(3), Defendant argues that he has family ties and long residence in the community. *Id.* ¶¶ **10-12**. He also argues that, while it is true he is not gainfully employed, he is attending school and working on his GED. Defendant's characterization of the evidence regarding his employment, family ties, and residence in the community appears valid. Nonetheless, other aspects of the (g)(3) factor weigh against Defendant, including the fact that he has admitted to using marijuana in the past and that he has seven prior offenses between 1996 and 2003, including common law robbery, assault with a deadly weapon inflicting serious injury, resisting an officer, disorderly conduct, driving without a license, reckless driving, and unlawful carrying of a weapon. The Court is unpersuaded by Defendant's arguments that these serious offenses are "stale," or too far in the past to be of consequence.

Finally, as to factor (g)(4), the nature and seriousness of the danger that Defendant's release would pose to any person or the community, it is undisputed that several of Defendant's prior offenses involve violence and/or weapons, such as assault with a deadly weapon inflicting serious injury, resisting an officer, and unlawful carrying of a weapon. Other prior offenses, such as reckless driving, indicate a disregard for the safety of the

community.  Finally, the serious drug offense of which Defendant is presently accused is manifestly dangerous to others' health and safety. For these reasons, the Court finds that the (g)(4) factor also weighs in favor of detention.

Since Defendant is unable to rebut the statutory presumption in favor of detention based on his showings under any of the § 3142(g) factors, the undersigned concludes that the Court properly affirmed Magistrate Judge Howell's detention order of November 13, 2007.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for reconsideration is **DENIED**.

Signed: November 27, 2007

Lacy H. Thornburg
United States District Judge